## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| ANTHONY T. HARRELSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID BERKEBILE, Warden, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 5:10-0150 |

### PROPOSED FINDINGS AND RECOMMENDATION

Petitioner has initiated this matter under 28 U.S.C. § 2241.[1] Petitioner has filed a Motion for Summary Judgment (Document No. 18.) and a Motion to Dismiss (Document No. 33.). Having examined all of the documents which Petitioner has filed and considered the applicable law, the undersigned has determined that Petitioner did not exhaust administrative remedies before commencing this action and is not entitled to the relief which he requests and therefore respectfully recommends that Petitioner's Motions for Summary Judgment and to Dismiss be denied and this matter be dismissed.[2]

### PETITIONER'S CLAIMS

On February 16, 2010, Petitioner filed a Motion for Leave to Submit a <u>Bivens</u> Action. (Document No. 1.) Petitioner complained that Respondents were not following the policies and procedures of the Bureau of Prisons [BOP] in designating inmates who complete the Residential

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Petitioner has also initiated one other matter under Section 2241 – *Harrelson v. Berkebile*, Civil Action No. 5:10-0441, claiming that supervised release is unconstitutional – and a *Bivens* claim – *Harrelson v. Canterberry, et al.*, Civil Action No. 5:10-0216.

Drug Abuse Program [RDAP] to halfway house placement and home confinement. Referring to the 1-year reduction of a sentence under 18 U.S.C. § 3621(e)(2)(B) for successful completion of RDAP and 6 months in a halfway house or on home confinement under the BOP's Program Statement 5330.11 as a "liberty interest", Petitioner stated that "[h]ome confinement is only being granted in limited instances though many meet the qualification to be recommended to the Community Corrections Manager for the Probation Division program for home confinement (myself included)." Petitioner further contended that inmates in RDAP who complain about these circumstances through the BOP's administrative remedy process are threatened with disciplinary action and dismissed from RDAP. On February 17, 2010, the Clerk sent Petitioner a letter and forms for proceeding under 28 U.S.C. § 2241. (Document No. 3.) On March 1, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 4.) stating two grounds for relief as follows:

> Ground One: RDAP offers a one year sentence reduction for those who complete the 500 hour course. BOP policy contemplates that the unit team begins the process of halfway house designation and placement 11 - 13 months prior to release (Program Statement 7310.04) to insure that placement can be made. The Respondents refuse to follow this policy, which results in the frequent problem of halfway houses being full and unavailable due solely to their indifferences and failure to perform their duty by stated policy. This then results in a loss of liberty interest as the time delay of going to the transitional halfway house or home confinement is taken from the one year earned credit against sentence solely due to the Respondents failure to follow policy and perform their duties in a timely manner, stating a Fifth Amendment issue. While it is true and correct that this one year is not fully guaranteed, the failure of a participant to be given this earned liberty interest through no fault of his own, due to the failure of staff to follow policy and efficient procedure was not intended to be one of the causes for denial.
>
> Ground Two: Program Statement 7320.01 and 48 U.S.C. § 3624(c) allow individuals who meet the criteria for home confinement to be placed there by recommendation of prison officials to Community Corrections Management for part of all of their post release supervision. By such allowance under law, Congress clearly intended for individuals who meet the criteria to be considered for the greater degree of liberty after serving their sentences if such relief is warranted under 18 U.S.C. § 3624(c) and

> P.S. 5330.01. Respondents, however, have refused to consider me . . . even though I qualify in every regard. The only way that I would be placed in home confinement is if I was disabled rendering a halfway house an unfit determination for post sentence release. Respondent Scantino summed up this failure to follow the intent of statute and policy by telling me on 2/18/2010, "If we do it for you, we'd have to do it for everybody." Under statute and policy, any who qualify should be considered. A policy or law which contemplates official consideration on a case by case basis, anticipates that same consideration be given to every case, even if few qualify. By not giving consideration to any unless forced by higher authority to do so nullifies the intent of law by clerical fiat or abuse of discretion given under that law to Respondents. This is a denial of the greater degree of liberty for which i qualify completely which states a Fifth Amendment issue and interest.

Petitioner requested that he be given full consideration for release on home confinement and, expecting that the BOP would retaliate against him for seeking relief in Court by dismissing him from RDAP and therefore causing his "loss of liberty interest of the release date of September 30, 2010", that the District Court designate September 30, 2010, as his release date. Petitioner attached a copy of (1) an Inmate Request to Staff dated February 1, 2010, by which he requested to be considered for home confinement indicating a BOP staff member's response that "[y]ou will be referred for 180 days of RRC placement and while you are in the RRC, they will determine whether or not you qualify for home confinement."; (2) a BP-9 dated February 16, 2009, by which Petitioner requests to be considered for home confinement; (3) a further Inmate Request to Staff dated February 16, 2010, by which Petitioner complained about a conversation which he had with a Case Manager contending that RDAP was being used "as a method of intimidation possibly because of another matter that I am already filing pertaining to [the] Case Manager."[3] Petitioner also attached a copy of documents indicating the BOP's policies and procedures for designating inmates who participate in RDAP to transitional facilities and home confinement. Additionally, on April 2, 2010,

---

[3] Petitioner filed his Motion for Leave to Submit a *Bivens* Action (Document No. 1.) on February 16, 2010, naming the Case Manager as a Defendant.

Petitioner filed a copy of a form RDAP agreement and 18 U.S.C. § 3624(c) indicating that the BOP could approve him for home confinement. (Document No. 14.)

Between March 1 and April 9, 2010, Petitioner filed five Affidavits. (Document Nos. 5, 7, 10, 12 and 17.) Petitioner stated in his March 1, 2010, Affidavit that the BOP opened, went through and returned mail which he was sending to the District Court though he had marked it "Special Mail" in violation of BOP policies requiring the BOP to do so only in the presence of the inmate. (Document No. 5.) Petitioner stated in his March 5, 2010, Affidavit of Intimidation (Document No. 7.) that RDAP staff threatened, harassed and humiliated him in retaliation for his seeking placement on home confinement through Court proceedings. By his March 17, 2010, Affidavit of Retaliatory Set Back by Residential Drug Treatment Specialist (Document No. 10.), Petitioner stated that he was required to do the second phase of RDAP over again in retaliation for his seeking placement on home confinement through the administrative remedy process and the Court. By his March 22, 2010, Affidavit of Setback and Threat and Duress (Document No. 12.), Petitioner stated that he was told that he had to sign a "set back addendum" and if he did not, he would be dismissed from RDAP.[4] By his April 9, 2010, Affidavit - Civil Rights Violated through RDAP (Document No. 17.), Petitioner asserted that BOP staff were violating his constitutional rights by retaliating against him because of his "litigation activities."[5]

On April 12, 2010, Petitioner filed a Motion for Summary Judgment and a Declaration and

---

[4] Petitioner attached a copy of a summary of a March 4, 2010, teaming session by the drug treatment staff at FCI Beckley indicating that Petitioner was not meeting the expectations of the treatment staff in several respects and modifying his RDAP treatment plan.

[5] Petitioner attached a copy of two Inmate Request to Staff forms dated March 12 and April 6, 2010, indicating his complaint that BOP staff was retaliating against him through RDAP for initiating Court proceedings.

4

Affidavit in Support. (Document Nos. 18 - 20.) By his Motion, Petitioner "requests this Court grant him summary judgment as to loss of liberty interest, staff not following policy and procedural requirements imposed by statute, and retaliation taken out on [him] for exercising my constitutional rights, causing further loss of liberty interest as stated in original claim." by his Declaration and Affidavit, Petitioner basically repeated the assertions which he raised in his Petition.

Between April 20 and 28, 2010, Petitioner filed four Affidavits. (Document Nos. 26 - 28 and 30.) Petitioner filed three Affidavits on April 20, 2010: (1) Affidavit of Being Able to Participate in the Transitional Drug Abuse Treatment Program While in Home Confinement (Document No. 26.), citing BOP policies for continuing drug abuse treatment through RDAP's transitional phase, Residential Reentry Center [RRC] placement or home confinement, and asserting that BOP staff are not following it: (2) Affidavit of Application of RDAP Philosophy (Document No. 27.), basically disputing the drug treatment staff's determination that he was not meeting their expectations in RDAP and stating that "I have learned alot from the program and continue to learn despite the numerous distractions presented by staff through countless actions of intimidation, humiliation and retaliation."; and (3) Affidavit that "staff . . . continue to open my legal mail violating my rights . . .."[6] By his April 28, 2010, Affidavit (Document No. 30.), Petitioner stated that the BOP was recommending him for RRC placement rather than home confinement when RRCs are full and he qualified for home confinement.

On May 11, 2010, Petitioner filed a Motion to Dismiss stating that "I wish to dismiss this case due to an upcoming change in venue and a shortage of time. I would like to pursue home

---

[6] On April 28, 2010, Petitioner filed a document entitled "Fear of Further Retaliation through the RDAP Program and DTS" (Document No. 29.) indicating that he feared that the BOP would further retaliation and remove him from RDAP so that he lost his "liberty interest" because he was asserting his rights in legal proceedings.

confinement, but I feel this is a matter that I am too short on time to pursue. * * * [S]o I wish to dismiss as the Court sees fit. If the Court wishes and sees fit, please grant judgment in behalf of the [Petitioner] granting 6 months home confinement. If not, Please accept this Motion to Dismiss." (Document No. 33.)

## **DISCUSSION**

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975).

### A. **Exhaustion of Administrative Remedies.**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* relief under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first

to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

It is evident that Petitioner did not exhaust administrative remedies respecting his home confinement and retaliation claims before initiating this matter. Petitioner's earliest Inmate Request

7

to Staff in the record pertaining to his home confinement claim is dated February 1, 2010, and Petitioner filed his Motion initiating this matter on February 16 and his Section 2241 Application on March 1, 2010. (Document Nos. 1 and 4.) The record contains Inmate Requests to Staff pertaining to Petitioner's retaliation claim dated March 12 and April 6, 2010 – after he initiated this matter. It is therefore clearly apparent from the record that Petitioner did not complete the administrative remedy process before initiating this matter. For this reason, this matter must be dismissed.

### B. Home Confinement Under 18 U.S.C. §§ 3621(e) and 3624(c)(1) and (2).

Disregarding Petitioner's failure to exhaust administrative remedies prior to initiating this matter, it is clear that his claims are without merit. Petitioner asserts that he has a "liberty interest" in home confinement under 18 U.S.C. §§ 3621(e)(2) and 3624(c)(1) and (2). 18 U.S.C. § 3621(e)(2)(A) does not provide that an inmate who successfully completes RDAP becomes eligible for release on home confinement.[7] Rather, it indicates that an inmate who successfully completes RDAP will remain in custody though the conditions of custody may be different than the inmate would have been in had he not completed RDAP as follows:

> Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment . . . shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.

Thus, an inmate who successfully completes the residential component of the drug abuse program

---

[7] The record discloses that in March, 2010, drug treatment staff found that Petitioner was not meeting the expectations of RDAP and proposed to modify his RDAP treatment plan. It is evident therefore that Petitioner had not successfully completed RDAP in February, 2010, when he initiated this matter.

may be placed in follow-up treatment and/or in a community correctional facility, not on home confinement. 28 C.F.R. § 550.53(a).[8] The undersigned notes the permissive language of the statutory text indicating that Congress intended that the BOP have discretion in determining an inmate's custodial status after his successful completion of the residential component of the drug treatment program. See Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999). The BOP has broad discretion in administering inmates' sentences under 18 U.S.C. § 3621(e). See Lopez v. Davis, 531 U.S. 230, 240, 121 S.Ct. 714, 721, 148 L.Ed.2d 635 (2001)(affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, having no legitimate claim of entitlement to a change of custodial status or early release, inmates who successfully complete the residential component of the substance abuse treatment program do not gain any liberty interest actionable under Section 2241. See Nelson v. Whitehead, 2010 WL 1663250 (D.Md.). Petitioner's claim that he has a liberty interest or any entitlement at all to release on home confinement based upon his participation in RDAP is obviously without merit.

Petitioner also has no right of any kind to release on home confinement under 18 U.S.C.

---

[8] 28 C.F.R. § 550.53(a)(3) provides that "[i]nmates who have completed the unit-based program and (when appropriate) the follow-up treatment and are transferred to community confinement must successfully complete community-based drug abuse treatment in a community-based program to have successfully completed RDAP. The Warden, on the basis of his or her discretion, may find an inmate ineligible for participation in a community-based program."

3624(c)(1) and (2) which provide as follows:

> **(1) In general.** – The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> **(2) Home confinement authority.** – The authority under this subsection may be used to place a prisoner on home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

As above, the undersigned notes the permissive language in this statute as well. As the BOP may in its discretion place an inmate on home confinement under this provision, the inmate obtains no legitimate claim or entitlement to be placed on home confinement during the final months of his incarceration. Petitioner's claim therefore fails under this provision as well. It is not evident that Petitioner is in custody in violation of the Constitution and laws of the United States, and his Section 2241 Application must be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Summary Judgment (Document No. 18.) and Motion to Dismiss (Document No. 33.), **DISMISS** Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Document No. 4.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: December 3, 2010.

R. Clarke VanDervort
United States Magistrate Judge